UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. VANDENBOOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02006-JPH-MJD |
| | ) |
| INDOI AGENCY, | ) |
| AMY L. BEARD, in official capacity as | ) |
| Indiana Insurance Commissioner, | ) |
| ROBERT STROHMEYER, in official | ) |
| capacity as Panel Chair for a State of | ) |
| Indiana Medical Malpractice Panel Chair, | ) |
| ROBERT DEMPSEY, in official capacity | ) |
| as Medical Expert for the State of Indiana | ) |
| for medical malpractice panel, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Mark VandenBoom alleges that his due process rights were violated by the Indiana Department of Insurance and members of its medical malpractice panel. Because state agencies and their officials may not be sued in federal court, his complaint must be **DISMISSED**.

I.
Filing Fee

Mr. VandenBoom filed this complaint without paying the $402 filing fee or demonstrating that he lacks the financial ability to do so. If Mr. VandenBoom wishes to continue with this case, he **SHALL** either pay the $402 filing fee or seek leave to proceed *in forma pauperis* **by November 9, 2022**.

1

## II.
## Screening

### A. Screening standard

The Court has the inherent authority to screen Mr. VandenBoom's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. Complaint

Mr. VandenBoom brings this action under 42 U.S.C. § 1983 against the Indiana Department of Insurance (IDOI) and three of its officials. Dkts. 1, 2. He claims that IDOI's medical malpractice panel violated his due process rights by (1) only giving extensions of time to the defendants; (2) essentially insisting

on medical expert testimony; and (3) failing to replace the chair of the review panel after complaints were lodged.  Dkt. 2.

### C. Analysis

First, all claims against the Indiana Department of Insurance are **DISMISSED**.  The Eleventh Amendment "bars actions in federal court against . . . state agencies." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021).  And IDOI is a state agency.  *See* Ind. Code § 27-1-1-1 (establishing the department of insurance); *cf. Sanders v. Indiana Dep't of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020) (affirming dismissal of state agency on Eleventh Amendment grounds).

Second, the claims against the individual defendants, who have been sued in their official capacities, dkt. 1 at 2, are **DISMISSED**.  Because a suit against a state employee in his official capacity is equivalent to a suit against the state itself, "state officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005).  Accordingly, claims asserted against the defendants in their official capacities are dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] No exception to state sovereign immunity exists here because (1) Congress did not abrogate states' immunity to suit in § 1983; (2) Indiana did not consent to being sued in this case; and (3) the *Ex parte Young* doctrine does not apply, because Mr. VandenBoom did not request injunctive relief.  *See Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012); *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

## III.
## Conclusion

Mr. VandenBoom's complaint is **DISMISSED** for the reasons discussed in this Order. The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. VandenBoom shall have **through November 9, 2022, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case . . . a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at dockets 1 and 2 and must conform to the following guidelines:

- (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"
- (b) the amended complaint must include a demand for the relief sought;
- (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and
- (d) the amended complaint must include the case number referenced in the caption of this Order, 1:22-cv-02006-JPH-MJD, and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

Additionally if Mr. VandenBoom wishes to continue with this case, he **SHALL** either pay the $402 filing fee or seek leave to proceed *in forma pauperis* using the form attached to this Order **by November 9, 2022**.

**SO ORDERED.**

Date: 10/18/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK A. VANDENBOOM
1895 S. 900 E
Zionsville, IN 46077