UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. VANDENBOOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02006-JPH-MJD |
| ) | |
| ROBERT STROHMEYER sued in his individual ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO REMOVE DEFENSE COUNSEL**

Presently pending before the Court is *pro se* Plaintiff Mark Vandenboom's Motion to Remove IN ATG. [Dkt. 20.] For the reasons detailed below, Plaintiff's motion is **DENIED**.

**I. Background**

On November 3, 2022, Mr. Vandenboom filed an amended *pro se* Complaint against Defendant Robert Strohmeyer in his individual capacity, seeking compensation under 42 U.S.C. § 1983 and asserting that Mr. Strohmeyer "abused" the medical malpractice review process "to deprive the plaintiff of his right to question experts as well as the rights related to panel selection and more." [Dkt. 6.]

**II. Discussion**

In the instant motion, Mr. Vandenboom requests that Defendant's counsel, the Indiana Attorney General's office, be disqualified from participating in the matter because, Plaintiff argues, Defendant's actions were made in bad faith and thus fall outside of the parameters set forth in Ind. Code § 4-6-2-1.5(a) for when the Indiana Attorney General may represent a current

or former state employee in a lawsuit. [Dkt. 20 at 1-2.] In the alternative, Mr. Vandenboom requests that a federal prosecutor be appointed to represent or assist him. *Id.*

While Plaintiff is correct that the Indiana Attorney General is not authorized to defend current or former employees for actions taken in bad faith, it is for the attorney general, and not the Plaintiff or the court, to determine whether the challenged act was made in good or bad faith. The statue provides that, if requested to do so, the Indiana attorney general "shall defend a present or former state employee against a claim or suit" if "a present or former public employee. . . is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States." Ind. Code § 34-13-4-1, §34-13-4-2. The Attorney General decides whether the challenged act was in good faith and within the scope of the employee's duties. Ind. Code § 4-6-2-1.5(a) ("**[T]he attorney general determines** that said suit has arisen out of an act which such official or employee in good faith believed to be within the scope of the official's or employee's duties as prescribed by statute or duly adopted regulation.") (emphasis added).

Here, Defendant Strohmeyer requested that the Indiana Attorney General defend him in this action. [Dkt. 22 at 1, ℙ 4.] As the statute provides that it is for the Indiana Attorney General to determine whether the actions alleged in Plaintiff's complaint were made in good faith and within the scope of Defendant's duties, Plaintiff may not challenge the Indiana Attorney General's discretionary decision to represent the Defendant in this case. *Arbing v. Parker*, 947 F.2d 948, 1991 WL 222185, *3 (7th Cir. 1991). Plaintiff's motion to disqualify Defendant's counsel is **DENIED.**

Regarding Plaintiff's alternative request, the Court first notes that federal prosecutors, by definition, only represent the United States in criminal prosecutions. However, the Court reads the *pro se* Plaintiff's request liberally as a request for the appointment of counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. See *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654-55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the

plaintiff had not tried to obtain counsel)). Plaintiff's motion contains no evidence or indication that he has tried to obtain counsel on his own, nor that he is precluded from doing so. Thus, Plaintiff's request for the appointment of counsel is **DENIED WITHOUT PREJUDICE.** Plaintiff may renew the request for appointment of counsel by completing and filing a motion using the Court's form Motion for Assistance with Recruiting Counsel.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remove IN ATG, [Dkt. 20], is **DENIED.** The Clerk is directed to send Plaintiff a copy of the Court's form Motion for Assistance with Recruiting Counsel along with Plaintiff's copy of this Order.

SO ORDERED.

Dated:  28 MAR 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.

Mark A. Vandenboom
1895 S. 900 E
Zionsville, IN 46077