UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. VANDENBOOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02006-MPB-MJD |
| | ) | |
| ROBERT STROHMEYER sued in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This matter comes before the Court on Plaintiff's Motion to Add Panelists to List of

Defendants (Docket No. 15) and Defendant's Motion to Dismiss (Docket No. 16), as well as

Plaintiff's Motions for Assistance with Recruiting Counsel (Docket No. 28) and for Leave to

Proceed in Forma Pauperis (Docket No. 29). For the reasons set forth below, Plaintiff's Motions

to Add Panelists to List of Defendants, for Assistance with Recruiting Counsel, and for Leave to

Proceed *in Forma Pauperis* are **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

## I.   Background

Plaintiff Mark Vandenboom initially filed this action bringing claims for violations of his

right to due process under the Fifth and Fourteenth Amendments and claims for violation of the

Indiana Medical Malpractice Act against the Indiana Department of Insurance, Robert

Strohmeyer, and Robert Dempsey in their official capacity. (Docket No. 1; Docket No. 2). The

Court dismissed this complaint at the screening stage for failure to state a claim upon which

relief may be granted, given the claims against each defendant were equivalent to a suit against

the state itself, and thus barred by the Eleventh Amendment. (Docket No. 4). The Court,

however, provided Vandenboom an opportunity to amend his complaint. (*Id.*). In his second

attempt, Vandenboom amended his complaint to bring the above claims against Strohmeyer, again, but this time in his individual capacity. (Docket No. 6). Vandenboom alleges that between 2016 and January 4, 2018, Strohmeyer deviated from prescribed state rules and procedures as chairman of a medical malpractice review panel. (*Id.*). Vandenboom alleges Strohmeyer improperly interfered with panel selection and prevented Vandenboom from questioning panelists and experts. (*Id.*). Moreover, in his motion to add defendants, Vandenboom seeks to add Dempsey and two other panelists to this litigation in their individual capacities. (Docket No. 15). The Court construes Vandenboom's motion as a Motion to Amend the Complaint. The Court now addresses each of the pending motions in turn.

## II.    Motions for Assistance with Recruiting Counsel and to Proceed *in Forma Pauperis*

The Court may allow a plaintiff to commence a civil suit without prepayment of the filing fee. 28 U.S.C. § 1915(a). In the present case, Vandenboom has paid his filing fee, and has also submitted an "Application to Proceed Without Prepaying Fees or Costs on Appeal"[1] (Docket No. 29) to support his Motion for Assistance with Recruiting Counsel. (Docket No. 28). As Vandenboom has already paid the filing fee, the Court denies the Motion to Proceed *in Forma Pauperis* as moot.

Even if Vandenboom had not paid the filing fee, his motion would be denied on its merits. Vandenboom states that he and his wife each receive around $12,000 a month. (Docket No. 29 at ECF p. 2). This works out to an annual household income of $288,000. The Seventh Circuit has held that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without

---

[1] Vandenboom has submitted an application to proceed *in forma pauperis* on appeal, rather than an application to avoid paying the initial filing fee in this Court. To the extent Vandenboom is seeking to waive the appeal fee, such a request is premature.

legal remedy if such privilege were not afford to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Courts frequently use the Federal Poverty Guideline (available at  https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines) as a threshold for determining whether to allow a civil plaintiff to proceed in forma pauperis. *See Shoutlz v. Illinois State University*, No. 10-cv-1046-JBM, 2010 WL 744576 at *1 (C.D. Ill. Feb. 26, 2010). The poverty guidelines for 2023 set the applicable poverty level for a household of four at $30,000.  Vandenboom's household income is well above this line. Consequently, the Court denies Vandenboom's motion to Proceed *in Forma Pauperis*.

Litigants in civil cases do not have a constitutional or statutory right to counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). However, courts may "request an attorney to represent any person unable to afford counsel." 29 U.S.C. § 1915(e). The Seventh Circuit has held that when considering a motion under § 1915(e), district courts are "to make the following inquires: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). As discussed above, however, the Court has determined Vandenboom is not indigent, and thus does not pass the threshold question. As such, the Court declines to seek representation for Vandenboom.

Even if Vandenboom had shown that he was unable to afford counsel, the Court would not seek representation on his behalf. Vandenboom has contacted hundreds of attorneys across five states between September 20, 2022, and November 17, 2022. These efforts are sufficient to meet the first inquiry under *Pruitt*. The second inquiry requires courts to determine a plaintiff's competence to litigate his own case, taking into consideration "the plaintiff's literacy, communication skills, education level, and litigation experience" as well as "any evidence in the

3

record bearing on the plaintiff's intellectual capacity and psychological history". *Pruitt*, 503 F.3d at 655. Here, Vandenboom holds a bachelor's degree, an MBA, and several trade certificates, however Vandenboom also suffers from physical and mental injuries that have made it difficult for him to speak with attorneys and doctors. (Docket No. 28 at ECF p. 7-8). Despite the challenges these injuries may present, they do not appear to have impacted Vandenboom's paper filings, which have been comprehensible to the Court. Vandenboom has not shown that he is unable to litigate this case himself.

### III.   Motion for Leave to Amend Complaint and Motion to Dismiss

#### a.   Legal Standard

Plaintiffs in federal court are entitled to amend their complaint once as a matter of course, if they do so within a timely manner. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The terms of the rule, however, do not mandate that leave should be granted in every case." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). The court may deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment." *Ray v. Nelson & Frankenberger, P.C.*, No. 4:13-cv-00114-SEB, 2014 WL 4385128 at *4 (S.D. Ind. Sept. 3, 2014). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted" under Rule 12(b)(6). *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state such a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss for failure to state a claim, the complaint must first "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964, 167. L.Ed.2d 929 (2007)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief" to a degree that is beyond mere speculation. *Id.*; *see also Babchuk v. Indiana University Health, Inc.*, 299 F.R.D. 591, 592 (S.D. Ind. 2014). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

When a defendant moves to dismiss under this rule, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusion, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend," however the court may refuse to grant leave to amend "[w]here it is clear that the defect cannot be corrected so that amendment is futile". *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015).

## IV.   Discussion

Vandenboom seeks to amend his complaint to add three additional panelists from the medical malpractice review at issue as defendants in their individual capacities. Strohmeyer argues that adding additional defendants would be futile for the same reasons Vandenboom's claims against him should be dismissed. Strohmeyer asserts that Vandenboom's claims are barred by the relevant statutes of limitations, by the Indiana Medical Malpractice Act's immunity provisions, and that the complaint fails to comply with the pleading requirements of Rule 8. Additionally, Strohmeyer argues that Vandenboom's Fifth Amendment claim is improper against a state official. Because Strohmeyer's motion to dismiss has significant implications for the potential futility of Vandenboom's proposed amendment, the Court will consider each of Strohmeyer's arguments in turn.

### a.   Statute of Limitations

A statute of limitations defense is appropriately raised in a Rule 12(b)(6) motion where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). 42 U.S.C. § 1983 "provides a mechanism for enforcing individual rights . . . secured by the Constitution and laws of the United States." *Gonzaga University v. Doe*, 536 U.S. 273, 285, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). As § 1983 does not specify a statute of limitations, claims "brought under § 1983 are subject to the statute of limitations for personal injury claims of the state where the alleged injury occurred." *Brandemas v. Indiana Housing Finance Authority*, 354 F.3d 681, 685 (7th Cir. 2004). Under Indiana law, personal injury claims have a two-year statute of limitations. Ind. Code § 34-11-2-4. Vandenboom alleges the injuring events "took place

between 2016 and Jan. 4th, 2018" (Docket No. 6) and initially filed the present action on October 12, 2022. (Docket No. 1).[2] This is well past the statutory limit, and as such, Vandenboom's constitutional claims under § 1983 are barred.

### b.  Indiana Medical Malpractice Act

The Indiana Medical Malpractice Act "provides for the establishment of medical review panels to review proposed medical malpractice complaints against health care providers." Ind. Code § 34-18-10-1. The statute of limitations for a claim under this act is two years "after the date of the alleged act, omission, or neglect". Ind. Code § 34-18-7-1. As discussed above, Vandenboom filed the present motion well past the statutory limit, and as such his claims under the Indiana Medical Malpractice Act are barred. Moreover, a member of a medical malpractice review panel "has absolute immunity from civil liability for all communications, findings, opinions, and conclusions made in the course and scope" of their duties as a panelist. Ind. Code § 34-18-10-24. As such Strohmeyer and the other panelists Vandenboom seeks to add as defendants enjoy immunity for their actions under the act. *See Rogers v. Indiana Supreme Court*, No. 1:16-cv-364-TLS, 2017 WL 2214968 at *3 (N.D. Ind. May 17, 2017). Vandenboom has provided no factual basis indicating that any individual involved in the panel at issue took any actions outside the scope of their responsibilities that could defeat this immunity. Therefore, Vandenboom's claims under the Indiana Medical Malpractice Act must be dismissed.

---

[2] Vandenboom argues the doctrines of continuing fraud and continuing harm apply, tolling the statute of limitations. (Docket No. 19). However, he does not develop this argument beyond mere conclusory statements, which nevertheless misunderstand these doctrines. "For a continuing harm, the statute of limitations begins to run on the last occurrence of the harm." *Smith v. Reagle*, No. 1:20-cv-03151 JPH, 2021 WL 2401898, at *2 (S.D. Ind. June 9, 2021) ("[D]efendants could no longer be responsible for any harm to the plaintiff after he was transferred away from their facility.").

### c.   Pleading Requirements

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). A plaintiff "must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations show that it is plausible, rather than merely speculative that he is entitled to relief." *Campbell v. City of Indianapolis*, No. 1:11-cv-1079-JMS, 2011 WL 1134314 at *1 (S.D. Ind. Mar. 25, 2011) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)).

In the present case, Vandenboom alleges Strohmeyer "deviated from prescribed state procedures in panel selection" and "intentionally obstructed [Vandenboom]'s ability to question the panelists." (Docket No. 6 at ECF p. 1). These conclusory statements are the full extent of Vandenboom's factual pleadings. While federal notice pleadings requirements impose a low threshold, "legal conclusions" in a complaint "must be supported by factual allegations." *Ashcroft*, 556 U.S. at 664. Vandenboom's failure to provide any factual support for his pleadings renders his complaint insufficient under Rule 8, and therefore dismissal under Rule 12(b)(6) is appropriate.

### d.   Fifth Amendment

"The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials." *Wrinkles v. Davis*, 311 F.Supp.2d 735, 738 (N.D. Ind. 2004). It is undisputed that Strohmeyer, in his role as chairman of the medical review panel at issue, was a state official. Vandenboom invocation of the Fourteenth

Amendment to save this due process claim is imprecise. "The Fourteenth Amendment creates a due process right against the states . . . while the Fifth Amendment guarantees due process by the federal government." *Massey v. Wheeler*, 221 F.3d 1032, 1036 n. 1 (7th Cir. 2000). As discussed above, Vandenboom's due process claim under the Fourteenth Amendment is barred by the statute of limitations, and his claim under the Fifth Amendment fails as it is improperly directed against a state official.

## V.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 29) is **DENIED as moot** and his Motion for Assistance with Recruiting Counsel (Docket No. 28) and Motion to Add Panelists to List of Defendants (Docket No. 15)[3] are **DENIED**. Defendant's Motion to Dismiss (Docket No. 16) is **GRANTED**. Plaintiff's claims are dismissed with prejudice, as Plaintiff has already had an opportunity to amend following a Rule 12(b)(6) dismissal, and it is clear that the complaint's defect cannot be corrected. Final judgment will issue separately.

**SO ORDERED**

Date: June 28, 2023

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.

Served via certified mail to:
Mark A. Vandenboom
1895 S 900 E
Zionsville, IN 46077

---

[3] This motion also fails to comport with S.D. Ind. Local Rule 15-1(b), in that it does not replead the entire complaint, as amended.